HOUSING AUTHORITY OF THE CITY OF GREENSBORO, NORTH CAROLINA v. MABEL L. FARABEE AND SPOUSE, IF ANY, R. D. DOUGLAS, JR., TRUSTEE, HOME FEDERAL SAVINGS AND LOAN ASSOCIATION, INC., CITY OF GREENSBORO, COUNTY OF GUILFORD AND ALL OTHER PERSONS, IF ANY, WHO MAY HAVE OR CLAIM AN INTEREST IN THE SUBJECT MATTER OF THIS PROCEEDING

No. 7318SC56

(Filed 21 February 1973)

Costs § 1— condemnation proceeding — taxing of attorney fees

G.S. 160A-243.1 does not authorize an award of attorney fees to the landowner when judgment is entered awarding title to the condemnor and compensation to the landower for the taking in a proceeding instituted by the condemnor, but the statute does authorize an award of attorney fees to the landowner when the condemnor abandons a condemnation proceeding, or when it is adjudicated that the condemnor cannot acquire the property by condemnation, or when the condemnor takes possession of the landowner's property without first instituting a condemnation proceeding and the landowner institutes an action against the condemnor and recovers damages for the taking; therefore, the trial court erred in awarding attorney fees to the landowner for costs incurred in an action instituted by condemnor adjudicating condemnor's right to condemn landowner's property and the amount to be paid as just compensation.

APPEAL by petitioner from *Webb, Judge,* 10 July 1972 Session of Superior Court held in GUILFORD County.

The petitioner, the Housing Authority of the City of Greensboro, instituted this special proceeding under the provisions of Chapter 157 and Chapter 40 of the General Statutes of North Carolina.

The questions of the right of the Housing Authority to condemn respondents' property, and the amount to be paid as just compensation for the taking of respondents' property are no longer in controversy.

Respondents filed a motion before the Clerk of Superior Court of Guilford County requesting that counsel fees and appraiser's fees for respondents' attorneys and appraisers be taxed as a part of the court costs to be paid by petitioner. The Clerk denied the motion and respondents appealed. The matter was heard by Judge Webb and he signed judgment directing that a fee of $3,967.00 be paid to respondents' counsel and that it be taxed in the court costs against petitioner.

Petitioner appealed from that portion of the judgment awarding counsel fees.

*Frye, Johnson & Barbee, by Ronald Barbee, for petitioner-appellant.*

*Smith, Patterson, Follin & Curtis, by Marion G. Follin, III, for respondents-appellees.*

BROCK, Judge.

The sole question presented by this appeal is the authority of the court under G.S. 160A-243.1 to order attorney fees for the landowners taxed in court costs to be paid by the Housing Authority. The pertinent portions of G.S. 160A-243.1 read as follows:

"The court having jurisdiction of an action instituted by a city or an agency, board or commission of a city to acquire any interest in real property by condemnation shall award the owner of any right, or title to, or interest in, such real property such sum as will in the opinion of the court reimburse such owner for his reasonable cost, disbursements, and expenses, including reasonable attorney fees, appraisal, and engineering fees, actually incurred

because of the condemnation proceedings, if the final judgment in the action is that the city or agency, board or commission of a city cannot acquire such real property or interest therein by condemnation, or if the proceeding is abandoned by the city, agency, board or commission of a city.

"The judge rendering a judgment for the plaintiff in a proceeding brought under Chapter 40 of the General Statutes awarding compensation for the taking of property by a city or an agency, board or commission of a city shall determine and award or allow to such plaintiff, as a part of such judgment, such sum as will in the opinion of the court reimburse such plaintiff for his reasonable cost, disbursements and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of such proceeding."

In our opinion the first paragraph quoted above directs the court to award attorney fees to the landowner when the city, agency, board or commission abandons a condemnation proceeding; or when it is adjudicated that the city, agency, board, or commission cannot acquire the property, or interest, by condemnation. This paragraph clearly does not authorize an award of attorney fees to the landowner when judgment is entered awarding title to the condemnor and compensation to the landowner for the taking in a proceeding instituted by the condemnor.

In our opinion the second paragraph quoted above directs the court to award attorney fees to the landowner when the city, agency, board, or commission takes possession of the landowner's property, or interest therein, without first instituting a condemnation proceeding, and the landowner institutes an action against the city, agency, board, or commission and recovers damages for the taking. It does not authorize an award of attorney fees to the landowner when judgment is entered awarding title to the condemnor and compensation to the landowner for the taking in a proceeding instituted by the condemnor.

We are advertent to the provisions for the award of attorney fees contained in the Urban Redevelopment Law, particularly G.S. 160-456(2), but in our opinion it expresses a legislative intent different from that expressed in G.S. 160A-

243.1. It appears to us that G.S. 160A-243.1 is intended to accomplish the same purpose as that expressed in G.S. 136-119. The wording of these last two mentioned statutes is very similar.

The portion of the judgment of the trial tribunal which awards an attorney fee to respondent as a part of the court costs taxed against petitioner is

Reversed.

Judges CAMPBELL and GRAHAM concur.